BECKER & POLIAKOFF, P.A.
Emerald Lake Corporate Park
3111 Stirling Road
Fort Lauderdale, FL  33312-6525
Telephone:  (954) 987-7550
Facsimile:  (954) 985-4176
DDeSouza@bplegal.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Smith Enterprise, Inc., | No. 2:13-cv-01773-GMS |
| Plaintiff, | **REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR SANCTIONS** |
| vs. | |
| Jason Edward Hammonds, | |
| Defendant. | |

Mr. Hammonds[1] hereby submits this reply memorandum in further support of his Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (the "Motion"), and states as follows:

**I.      Introduction**

SEI's Response to the Motion (the "Opposition Memo") relies on a series of overly simplistic and grossly misleading arguments in an effort to divert the Court's attention away from the actual issues raised by the Motion – namely, SEI's efforts to fit a square peg in a round hole by manufacturing jurisdiction with legally and factually unsupportable allegations.  Although SEI stubbornly contends otherwise, the Motion does not take issue with the adequacy of SEI's Complaint (that issue is fully briefed and before the Court on Mr. Hammonds' motion to dismiss).[2]  Rather, the Motion argues that SEI (and its counsel)

---

[1]      Terms not defined herein shall have the meaning set forth in the Motion.

[2]      The Opposition Memo contends that Mr. Hammonds "raised *the exact same arguments* in the motion to dismiss that he has raised here, namely that SEI failed to state

knew Mr. Hammonds did not make the statements at issue as a "competitor" (but rather as

a disgruntled customer), but ignored this inescapable fact in making the strategic decision

to bring this action in federal court.  On these points, the Opposition Memo is devoid of

any substantive response.  As discussed below, sanctions against SEI (and its counsel) are

both appropriate and necessary.

## II.   The Opposition Memo Confirms that SEI Lacks Any Evidentiary Support for its "Competitor" Allegations

The question before the Court is whether SEI, at the time the Complaint was filed,

had a good faith basis/evidentiary support to assert that Mr. Hammonds is (1) a competitor

of SEI's and (2) that he made the statements at issue for the purpose of influencing

customers to buy his competing goods or services.  See eMove Inc. v. SMD Software Inc.,

No. CV–10–02052, 2012 WL 1379063, at *5 (D. Ariz. Apr. 20, 2012).   There is no

question that SEI's allegations lack such support, and the Opposition Memo serves only to

confirm this inescapable fact.

To support its "competitor" allegations, SEI makes a series of arguments that both

border on the absurd and demonstrate a fundamental (and dangerous) misunderstanding of

the Lanham Act.   In short, SEI attempts to support its allegations by arguing: (1) Mr.

Hammonds has posted on internet forums regarding his purchase and assembly of

firearms parts; (2) Hammonds sells firearms and so does SEI; (3) Mr. Hammonds is

_____

a claim because Hammonds is not a competitor" (emphasis in original).  See Opposition
Memo, p. 10.  Even a cursory review of the two motions, however, reveals that this
assertion is meritless.  As set forth herein and in Mr. Hammonds' reply memorandum in
further support of the motion to dismiss, Mr. Hammonds' motion to dismiss argues
(among other things) that SEI failed to adequately allege the elements of a Lanham Act
claim whereas here Mr. Hammonds argues that SEI lacked any legal or evidentiary
support for such allegations.  How SEI manages to repeatedly conflate the two motions
and the arguments raised therein is beyond belief.

purportedly characterized as a firearms manufacturer pursuant to an ATF circular; (4) Mr. Hammonds and SEI compete in the same fashion as Best Buy and Radio Shack; (5) the fact that Mr. Hammonds was "once" a customer of SEI's is irrelevant; and (6) the fact that Mr. Hammonds is employed full-time as an assistant professor is likewise irrelevant because many people have more than one job.[3]  All of these arguments miss the mark.

As a preliminary matter, even if SEI were correct that Mr. Hammonds is a "competitor" and/or a "manufacturer" (he is not), the Complaint would still fall flat and sanctions would still be warranted.  The reason for this is simple: the Opposition Memo plainly ignores that status as a "competitor" alone is insufficient to support a Lanham Act product disparagement claim.  Rather, a plaintiff must have evidentiary support that a defendant is both a competitor *and* that the statements at issue were made to persuade customers to purchase said competitor's products.

Somewhat ironically, it is SEI itself that highlights this deficiency through its argument that Best Buy and Radio Shack are competitors even though they sell different brands of speakers.  This is certainly true – both Best Buy and Radio shack compete for the sale of portable bluetooth speakers.  It is likewise true that, if Radio Shack were to disparage the quality of Best Buy's portable Bluetooth speakers in an effort to drive customers to purchase its own speakers, Best Buy would likely have a Lanham Act product disparagement claim against Radio Shack.  A small change as to the products at issue, however, demonstrates the fallacy of SEI's argument.  Rather than speakers, Radio

---

[3]    Notably, most of these arguments appear to be based on SEI's post-Complaint investigation or in direct response to Mr. Hammonds' declaration in support of the Motion.  It is therefore unclear what evidentiary support SEI purportedly had prior to filing the Complaint such that SEI could allege that, "upon information and belief," Mr. Hammonds is a competitor of SEI's.

Shack now makes a disparaging remark regarding the quality of the washing machines sold by Best Buy.  Radio Shack does not sell washing machines, and because of this Best Buy could not maintain a Lanham Act claim as the statement at issue was not made to lure customers into buying Radio Shack's competing products.   While a common law disparagement claim may exist, federal jurisdiction will not.

Here, SEI alleges that Mr. Hammonds (an alleged competitor) disparaged the build quality of its yet-to-be-delivered M14 receivers.  Importantly, SEI does not allege that Mr. Hammonds builds and/or sells his own branded M14 receivers or that Mr. Hammonds is in the business of selling third-party branded M14 receivers.  Rather, SEI alleges that Mr. Hammonds 'assembles' rifles (from component pieces bought from, among other entities, SEI) and occasionally sells these completed rifles to others.  Because SEI itself sells a complete rifle, the Opposition Memo attempts to connect the dots and label Mr. Hammonds as a competitor.  SEI does not, however, allege that Mr. Hammonds made any disparaging remarks regarding SEI's complete rifle – the only 'disparagement' at issue in this action (as framed by the Complaint) is to SEI's M14 receivers.   Absent some allegation that Mr. Hammonds machines his own M14 receivers or is perhaps a licensed reseller of Fulton Armory, LRB, or Springfield Armory (SEI's actual competitors) receivers, SEI's purported evidentiary support for the proposition that Mr. Hammonds is a "competitor" is meaningless.  Regardless of whether Mr. Hammonds could fairly be labeled a competitor (he cannot), SEI has not presented (nor could it offer) a scintilla of support for the notion that Mr. Hammonds assembles and/or sells competing M14 receivers.

None of SEI's remaining arguments warrant serious scrutiny.  Although SEI's fascination with cataloguing Mr. Hammonds' online life is somewhat disturbing, the bullet point items presented by the Opposition Memo are entirely consistent with the Motion and Mr. Hammonds' declaration.  The forum posts referenced by the Opposition Memo establish that Mr. Hammonds knows how to assemble component pieces of a firearm and that, as a hobbyist, he may have sold a handful of rifles after assembly.  Such knowledge and/or occasional sale, however, does not magically transform consumer into competitor.  If the Court were to accept SEI's contention, then millions of firearms owners across the United States would be labeled as "competitors" of every major firearms manufacturer/seller.  Anyone that has ever cleaned their personal firearm (which requires disassembly and, to the extent such person desires the firearm to function again, reassembly) or who sold /traded it for another could be haled into federal court to face Lanham Act claims.  Such a result would not only be ridiculous; it would likewise be untenable.  Moreover, as stated above, ***none*** of the forum posts referenced in the Opposition Memo discuss Mr. Hammonds' machining, building, and/or sale of M14 receivers (for the obvious reason that Mr. Hammonds, an assistant professor not otherwise employed in the firearms industry, does not machine, build, or otherwise sell M14 receivers) – the actual product at issue in this litigation.  To accept the referenced forum posts as "evidence" that Mr. Hammonds is a "competitor" of SEI's would be to set a dangerous precedent as every resident of the United States could conceivably be considered a "competitor" of some corporation by virtue of tinkering with a product and/or later selling it at a garage sale.  The forum posts referenced in the Opposition

Memo and the fact that Mr. Hammonds has occasionally sold one of his rifles do nothing to bolster SEI's claims that Mr. Hammonds is a competitor.

SEI's assertions that customers can likewise be competitors and that many people in this country have second jobs are puzzling.  Certainly, both scenarios are possible in a country of 300 million, but Rule 11 does not task SEI with speculation and/or brainstorming as to 'possible' arguments that may bolster the allegations of the Complaint.  The question before the Court is whether SEI knew that its claims lacked evidentiary support before its attorneys affixed their signatures to the Complaint, not whether its attorneys can now dream up scenarios wholly contradictory to Mr. Hammonds' declaration and common sense itself.  Rule 11 does not deal with the theoretical – the evidence available to SEI prior to filing suit is that Mr. Hammonds was a customer of SEI's distributor, that Mr. Hammonds was employed full-time as an assistant professor (confirmable by a simple internet search), that Mr. Hammonds was not affiliated with any firearms company, that Mr. Hammonds does not hold any special licenses to machine/build M14 receivers (again confirmable by a simple internet search), that Mr. Hammonds posted a remark that SEI believed to be disparaging, and that SEI caused Mr. Hammonds' order to be cancelled as a result of Mr. Hammonds' statement.  Rule 11 clearly provides that SEI cannot rewrite these *facts* (all of which SEI and its counsel knew, as demonstrated by the pre-suit letter sent to Mr. Hammonds by SEI's counsel) in favor of speculation.

Finally, SEI's contention that Mr. Hammonds "admitted that he is a manufacturer" by virtue of the referenced ATF circular is meritless and smacks of the underhanded

techniques SEI has utilized since before this suit was filed.  If SEI had endeavored to actually read the circular (as opposed to simply quoting one passage out of context), it would know that the circular deals with issues not present here and is irrelevant to the facts before the Court.  More importantly, however, is the fact that SEI's "manufacturer" contentions are irrelevant to whether Mr. Hammonds is a "competitor" of SEI's.  Even assuming arguendo that the mere assembly of component pieces into a firearm constitutes manufacturing subject to ATF licensing requirements (it does not),[4] status as a manufacturer does not equate to status as a competitor.  As stated above, SEI does not allege (nor can it) that Mr. Hammonds machines/builds M14 receivers or that he sells competing M14 receivers.  Absent such allegation (and evidence supporting such allegation), Mr. Hammonds' status as a purported "manufacturer" under the ATF regulations is irrelevant.  Of course, the point is largely moot because, under any reading of the referenced circular, Mr. Hammonds is not a "manufacturer" as he does not weld, affix, and/or machine aftermarket parts to firearms (the actual issue before the ATF).  Nevertheless, even if by some tortured reading of the circular it could be said that Mr. Hammonds is a "manufacturer" of firearms, this does not lend any support to the contention that Mr. Hammonds is a competitor who made the statements at issue to drive customers to purchase his own competing M14 receivers.

### III.    Conclusion

---

[4]    Again, SEI's contentions run contrary to common sense.  If SEI were correct, then every firearms owner in the United States who disassembles, cleans, and reassembles his/her firearms would be deemed a "manufacturer" by the ATF and would require extensive licensing to simply possess such firearms.  In short, SEI contends that millions of legal firearms owners in the United States are actually violating the law and are subject to serious sanction/imprisonment.  This argument strains credulity and is truly irresponsible coming from a firearms manufacturer such as SEI that purports to defend the Second Amendment and its associated freedoms.

WHEREFORE, Mr. Hammonds respectfully requests that the Court enter an Order:

1.  Granting this motion for sanctions pursuant to Federal Rule of Civil Procedure 11(c) against SEI and its counsel;

2.  Awarding Mr. Hammonds his attorneys' fees incurred, and to be incurred, in this matter;

3.  Assessing additional monetary sanctions against SEI and its counsel for affirmatively misrepresenting jurisdictional allegations to the Court for the purpose of creating federal question jurisdiction; and

4.  Granting such other relief as is necessary and proper.[5]

Dated:  November 26, 2013

BECKER & POLIAKOFF, P.A.
Emerald Lake Corporate Park
3111 Stirling Road
Fort Lauderdale, FL  33312-6525
Telephone:  (954) 987-7550
Facsimile:  (954) 985-4176
DDeSouza@bplegal.com

By:_s/ Daniel DeSouza_____
Daniel DeSouza, Esq. (*admitted pro hac vice*)
Florida Bar No. 19291

***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: s/ Daniel DeSouza_____
Daniel DeSouza

ACTIVE: 5246949_1

---

[5]  Similar to Mr. Hammonds' motion to dismiss, SEI requests oral argument on this Motion.  As with the motion to dismiss, the issues here are straightforward and it is difficult to imagine what benefit will be achieved through oral argument (other than subjecting Mr. Hammonds to additional fees and costs associated with a hearing in Arizona).  Should the Court be inclined to schedule oral argument, Mr. Hammonds requests that both this Motion and the motion to dismiss be heard together on the same day.

- 8 -